United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE BAY
AREA ROOFERS HEALTH &
WELFARE TRUST FUND, ET AL.,

        Plaintiffs,

    v.

WESTECH ROOFING, a California
corporation, also known as WESTECH
ROOFING, INC.,

        Defendant.

_____/

No. C-06-04819 JCS

**ORDER GRANTING MOTION TO COMPEL
COMPLIANCE WITH PERMANENT
INJUNCTION AND ISSUING ORDER TO
SHOW CAUSE [Docket No. 64]**

I.      **INTRODUCTION**

      In this enforcement action brought under the Employee Retirement Income Security Act

("ERISA"), Plaintiffs bring a Motion to Compel Compliance With Permanent Injunction ("the

Motion") seeking an award of unpaid fringe benefit contributions due since the Court entered

judgment in this proceeding on November 13, 2007.  Plaintiffs further request an order holding

Westech Roofing and Larry Hunt, CEO and Custodian of Records for Westech Roofing, in contempt

for failure to obey the orders of the Court.  On October 21, 2011, the Court held a hearing on the

Motion at 9:30 a.m.  For the reasons stated below, the Court GRANTS the Plaintiffs' Motion and

issues an Order to Show Cause why Defendant and its CEO, Larry Hunt, should not be held in

contempt for failure to comply with the Court's orders.[1]

---

     [1]The parties have consented to the jurisdiction of a United States magistrate judge pursuant to
28 U.S.C. § 636(c).

**United States District Court**
For the Northern District of California

II.   **BACKGROUND**

 A.   **Facts**

Plaintiffs are the trustees of the Bay Area Roofers Health & Welfare Trust Fund, Pacific Coast Roofers Pension Plan, East Bay/North Bay Roofers Vacation Trust Fund, Bay Area Counties Roofing Industry Promotion Fund, and Bay Area Counties Roofing Industry Apprenticeship Training Fund ("the Trust Funds").  Complaint ("Compl.") 2:9-13.  All of the Trust Funds are employee benefit plans within the meaning of §§ 3(1) and (3), as well as § 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1) and (3), and § 1132(d)(1).  *Id.*

Defendant Westech Roofing, a California corporation, also known as Westech Roofing, Inc. ("Westech Roofing") entered into a written collective bargaining agreement ("the CBA") with Local Union 81 of the United Union of Roofers, Waterproofers and Allied Worker, AFL-CIO.  Declaration of Sandy Stephenson in Support of Motion for Default Judgment ("Stephenson Default Judgment Motion Decl."), Ex. 1 (Individual Employer Agreement); Ex. 2 (Working Agreement).  The CBA incorporates the Trust Agreements, under which employers are required to make fringe benefit contributions to the Trust Funds on a regular basis for work performed by covered employees at rates set forth by the Trust Agreements.  *Id.*, Ex. 2 at Article XX.  Contributions are to be paid to the Trust Funds on or before the 10th day of each month immediately following the month for which the contribution is required.  *Id.*, Ex. 3 at III(B).  A contribution is delinquent if not received by the 15th day of the month in which the due date falls.  *Id.* at III(C).  In the case of delinquent contributions, the Trust Agreements provide for liquidated damages.  *Id.* at III(C)(2).  In addition, the Trust Agreements provide for interest on both the unpaid contributions and the liquidated damages at a rate prescribed by the Internal Revenue Service pursuant to Internal Revenue Code § 6621.  *Id.* at III(C)(3).   The Trust Agreements authorize the trustees to audit the books and records of an employer to determine whether contributions are being made in accordance with the Trust Agreements.  *Id.* at III(D).  Where the Trust Funds institute legal proceedings to collect delinquent employer contributions, the employer may be liable for "attorney's fees, audit fees, court costs, collection agency fees, and all other reasonable expenses of whatever nature incurred" in the collection of delinquent contributions.  *Id.* at III(E).

**United States District Court**
For the Northern District of California

### B.      Procedural Background

Plaintiffs filed the complaint initiating this action on August 8, 2006. The case was assigned to the Honorable Marilyn Hall Patel.  In the complaint, the Trust Funds sought recovery of unpaid fringe benefit contributions, interest, liquidated damages, attorneys' fees and costs for the periods March and April 2005, and April through June 2006.  Compl. 6:1-9.  In addition, Plaintiffs requested a permanent injunction requiring Defendants to comply with the terms of the Trust Agreements.

Westech Roofing failed to answer the complaint or otherwise appear, and default was entered on January 10, 2007.  *See* Docket. No. 15.  The Trust Funds then brought a Motion for Default Judgment on March 6, 2007.  On November 13, 2007 the court issued an Order granting Plaintiff's Motion for Default Judgment ("Order and Default Judgment"), and awarded $53,407.99 in principal, interest, attorneys' fees and costs.  Additionally, the court entered a Permanent Injunction ordering:

> [t]he Defendant, its agents, servants, employees, attorneys and all persons in active counsel and participation with it... to comply with those terms and provisions of the collective bargaining agreements and the Fund Trust Agreements which require timely payment of monthly contributions to the Trust Funds.

Order and Default Judgment 2:8-13.  Further, the court ordered Defendants to:

> complete the report forms and pay the contributions owed for the months of July, August, September and October 2007...by 4:30 p.m. on December 1, 2007 and all contributions owed to the Trust Funds for months subsequent thereto will be paid on or before their due date.

*Id*. at 2:13-18.

Plaintiffs then brought a series of motions to compel compliance with the injunction.  On June 3, 2008 Plaintiffs filed their first Motion to Compel Compliance with Permanent Injunction ("First Motion to Compel Compliance"). *See* Docket No. 25.  The First Motion to Compel Compliance was terminated by the Court without a ruling when Defendant complied with the Order and Default Judgment.  *See* Docket No. 32.

On January 6, 2010, Plaintiffs brought their second Motion to Compel Compliance with Permanent Injunction ("Second Motion to Compel Compliance").  *See* Docket No. 36.  On February 26, 2010, the Court granted Plaintiffs' Second Motion to Compel and ordered Defendant to submit contribution report forms for the months of August 2009 to February 2010, and to pay, no later than

**United States District Court**
For the Northern District of California

1   March 30, 2010, all contributions due since the entry of the Order and Default Judgment on

2   November 13, 2007.  In addition, the Court ordered Larry Hunt, CEO and Custodian of Records of

3   Westech Roofing, to appear "to show cause why a criminal contempt citation should not be issued

4   against him for failure to obey" the Court's orders.  Docket No. 40.  After a series of status

5   conferences in connection with the Order to Show Cause, the Court determined at a June 28, 2010

6   status conference that  Defendant was current on payments through April 2010 and that no further

7   action was required.

8          On January 26, 2011, Plaintiffs filed a third Motion to Compel Compliance With Permanent

9   Injunction ("Third Motion to Compel Compliance").  *See* Docket No. 51.  That motion was granted

10  on March 8, 2011, and an Order to Show Cause hearing was set for April 11, 2011.   At the April 11,

11  2011 show cause hearing, the Court found that Defendant had complied with the Court's "initial

12  instructions" and set a further status conference for May 16, 2011.  At that hearing, the parties

13  agreed to referral of the action to a magistrate judge and subsequently the parties consented to

14  magistrate jurisdiction for all purposes.  The case was assigned to the undersigned magistrate judge

15  on July 7, 2011.

16         **C.     The Motion**

17         On July 27, 2011, Plaintiffs filed another motion to compel compliance with the permanent

18  injunction (the instant Motion).  In the Motion, Plaintiffs seek an order compelling Defendant to

19  make all outstanding fringe benefit contribution payments and finding Westech Roofing in contempt

20  for failure to comply with the Order and Default Judgment.   Motion 2:1-5.  According to Plaintiffs,

21  although Westech Roofing is current on its fringe benefit contributions for the months up to and

22  including July 2011, and although Westech Roofing has submitted a report for August 2011 showing

23  an amount of $9,323.60 due and unpaid for that month, Defendant has made no contributions for any

24  month thereafter.  Carroll Second Suppl. Decl., 1:24-28.

25         With respect to their request that the Court find Defendant in contempt, Plaintiffs cite

26  *Laborers Fringe Benefit Funds Detroit and Vicinity v. Northwest Concrete & Construction, Inc.*,

27  640 F.2d 1350 (6th Cir. 1981), for the proposition that an employer who fails to comply with an

28  injunction requiring that it make fringe benefit contributions under ERISA "may be subject to the

United States District Court

For the Northern District of California

1    full panoply of criminal sanctions."  Although the Motion does not specify whether Plaintiffs are

2    seeking civil or criminal contempt, the proposed order submitted by Plaintiffs along with the Motion

3    refers to criminal contempt.

4          Plaintiffs submitted two declarations with the Motion.  First, Plaintiffs submitted the

5    Declaration of Michael Carroll in Support of Motion to Compel Compliance With Permanent

6    Injunction ("Carroll Decl.").   In his declaration, Michael Carroll states that Larry Hunt (aka Lauren

7    Robert Hunt) is the CEO and President of Westech Roofing.  Carroll Decl. ¶ 2 &  Ex. 1

8    (Contractor's License listing Lauren Robert Hunt as Responsible Managing Officer of Westech

9    Roofing).  Michael Carroll also states that despite continuing to operate and have employees on the

10   payroll, Defendant Westech Roofing has failed to fill out monthly reports for April 2011 to the

11   present.  *Id*. at 2:1-3.

12         Second, Plaintiffs submitted the Declaration of Sandy Stephenson in Support of Plaintiffs'

13   Motion to Compel Compliance With Permanent Injunction ("Stephenson Decl.").  Sandy

14   Stephenson is the Trust Funds' custodian of records, and the Account Executive of United

15   Administrative Services, the Trust Funds' administrators.  Stephenson Decl. 1:18-28.  Sandy

16   Stephenson states Defendant has paid $3,280.30 of the $10,641.44 due for March 2011, leaving

17   $7,361.14 outstanding and unpaid for March 2011.  *Id*. at 2:8-10.  Additionally, Sandy Stephenson

18   states Defendant has failed to pay contributions from April 2011 to the present.  *Id*. at 2:10-12.

19         Two days before the scheduled October 21, 2011 motion hearing, on October 19, 2011,

20   Plaintiff's counsel submitted a declaration with updated information about Defendant's outstanding

21   reports and contributions.  *See* Supplemental Declaration of Michael J. Carroll in Support of Motion

22   to Compel Compliance With Permanent Injunction ("Carroll Suppl. Decl.").  That declaration stated

23   that as of October 18, 2011, Defendant was current on payments through May 2011, that Defendant

24   had submitted a report for June 2011, and that Defendant had submitted neither reports nor payments

25   for July through September 2011.  Carroll Suppl. Decl. 1:24-27.

26         On October 21, 2011, the Court held a hearing on Plaintiffs' Motion. Plaintiffs' counsel and

27   Defendant's CEO, Larry Hunt, appeared at the hearing.  Following the hearing, on November 2,

28   2011, Plaintiffs submitted an additional declaration further updating the information regarding

United States District Court
For the Northern District of California

1    Defendant's outstanding contributions. *See* Second Supplemental Declaration of Michael J. Carroll

2    in Support of Motion to Compel Compliance With Permanent Injunction ("Carroll Second Supp.

3    Decl.").  In that declaration, Plaintiffs' counsel states that as of November 1, 2011: 1)  Defendant

4    was current on payments through July; 2) Defendant had submitted a report for August 2011

5    showing $9,323.60 in contributions was due for that month but had made no payment on that

6    amount; and 3) Defendant had submitted neither reports nor payments for the months of September

7    and October 2011.  *Id.*

8    **III.    ANALYSIS**

9        **A.    Legal Standard**

10        It is well established that the Court has "inherent power to enforce compliance with [its]

11   lawful orders through civil contempt."  *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

12   Additionally, Fed. R. Civ. P. 70(e) provides that, "[t]he court may also hold the disobedient party in

13   contempt."  Finally, the Federal Magistrates Act grants magistrate judges criminal contempt and

14   civil contempt authority in cases where the magistrate judge presides with the consent of the parties.

15   *See* 28 U.S.C §§ 636(e)(3) &(4).

16        "The standard for holding a party in civil contempt is well settled."  *Distributors Association*

17   *Warehousemen's Pension Trust Fund v. Foreign Trade Zone 3, Inc.*, 2009 WL 975786, at * 1 (N.D.

18   Cal. April 9, 2009).  The burden is on the moving party to show by clear and convincing evidence

19   that the contemnor violated a specific and definite order of the court.  *Id.* (citing *In Re Bennett*, 298

20   F.3d 1059, 1069 (9th Cir. 2002)).  Violation of a court order is shown by the party's "failure to take

21   all reasonable steps within the party's power to comply."  *Id.* (citing *Reno Air Racing Ass'n., Inc. v.*

22   *McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006)).  The moving party need not establish the contemnor

23   was willful in violating the court's order, as willfulness is not an element of contempt.  *Id.*  Once the

24   moving party has met its burden, the burden then shifts to the contemnor to demonstrate that it was

25   unable to comply.  *Id.*  A present inability to comply is a complete defense to civil contempt.  *Id.*

26   (citing *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996) (per curiam)).

27        If the court finds a party in contempt, it is within its discretion to impose sanctions.  *Id.*

28   Sanctions may be imposed to "coerce obedience to a court order, or to compensate the party

United States District Court
For the Northern District of California

1  pursuing the contempt action for injuries resulting from the contemptuous behavior." *Id.* (quoting

2  *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986)).

3      **B.     Evidence of Violation of the Order and Default Judgment**

4          In the present case, an Order to Show Cause why Defendant should not be held in contempt

5  is warranted because the Trust Funds have presented clear and convincing evidence that Westech

6  Roofing has violated the Order and Default Judgment issued on November 13, 2007.   As stated

7  above, that order required that Defendant "comply with those terms and provisions of the collective

8  bargaining agreements and the Fund Trust Agreements which require timely payment of monthly

9  contributions to the Trust Funds."  Plaintiffs have provided evidence that Defendant has not done

10 so.[2]  In particular, Plaintiffs have offered declarations, described in detail above, showing that

11 although Westech Roofing continues to operate and employ covered individuals for whom

12 contributions are required under the CBA and Trust Agreements, it has failed to submit timely

13 contribution reports and payments and further, that delinquent contributions remain outstanding.

14 **IV.    CONCLUSION**

15          For the reasons state above, the Motion is GRANTED.  Defendant is ordered to pay

16 $9,323.60 in outstanding unpaid contributions for the month of August 2011.  In addition, Defendant

17 shall submit to Plaintiffs reports for September and October 2011 and pay any contributions due for

18 those months no later than November 10, 2011.  All contributions owed to the Trust Funds

19 subsequent thereto will be paid on or before their due date.  Finally, Westech Roofing and Larry

20 Hunt[3] shall show cause, on or before December 2, 2011, why they should not be held in contempt

21

22  [2]At the October 21, 2011 hearing, Defendant's CEO, Larry Hunt, did not dispute that Defendant
23  had failed to comply with the Order and Default judgment.  Nor did he challenge any specific amounts
    contained in the declarations offered by Plaintiffs in support of the Motion.

24  [3]Although Larry Hunt is not a named defendant in this action, he may be held liable in contempt
    on the basis of his position as CEO of Westech Roofing. *See* Fed. R. Civ. P. 65(d) ("[e]very order
25  granting an injunction . . . is binding only upon the parties to the action, their officers, agents, servants,
    employees, and attorneys, and upon those persons in active concert or participation with them who
26  receive actual notice of the order . . .);  *National Labor Relations Board v. Sequoia District Council of
    Carpenters, AFL-CIO*, 568 F.2d 628, 634 (9th Cir. 1977) (holding that principal officers of a labor union
27  could be held in contempt where only the union was named as a defendant on the basis that in analogous
    situation involving officers of a corporation, non-defendant officers may be held in contempt because
28  "[a] command to a corporation is in effect a command to those who are officially responsible for the
    conduct of its affairs").

**United States District Court**
For the Northern District of California

1   for failure to comply with the Orders of this Court.  A **Show Cause Hearing** is set for **December 2,**

2   **2011 at 1:30 p.m.**  A **Case Management Hearing** also shall be conducted on **December 2, 2011 at**

3   **1:30 p.m.**   Defendant may file a response to the Order to Show Cause no later than **November 21,**

4   **2011.**  Plaintiffs may file a response no later than **November 28, 2011.**  In addition, the parties shall

5   file a joint case management statement no later than **November 30, 2011.**

6          IT IS SO ORDERED.

7

8   DATED: November 8, 2011

9   _____

10                          JOSEPH C. SPERO
                            United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8